UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| DANIEL JENDROWSKI, | ) |
|     Plaintiff, | ) CIVIL COMPLAINT ) ) |
| v. | ) Case No. 1:21-cv-657 ) |
| OUTSOURCE RECEIVABLES MANAGEMENT, INC. | ) ) ) ) |
|     Defendant. | ) **JURY DEMAND** ) |

# COMPLAINT

Now comes DANIEL JENDROWSKI ("Plaintiff"), complaining as to the conduct of OUTSOURCE RECEIVABLES MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in this District and a substantial portion of the events giving rise to the claims occurred within this District.

[ 1 ]

## PARTIES

4. Plaintiff is a natural person residing in Erie County, New York.

5. Defendant is a third-party debt collector with its principal place of business in Arcade, New York.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Some time ago, Plaintiff incurred various charges for medical services provided by a group of physicians known as "Great Lakes Cardiovascular."

8. In late December of 2020, or possibly January of 2021, Plaintiff received a letter in the mail from Defendant.

9. This was Plaintiff's first time ever receiving any communications, written or otherwise, from Defendant.

10. In the letter, Defendant was attempting to collect upon a medical debt allegedly owed to "General Physicians."

11. Plaintiff was unfamiliar with any medical bills that he would have owed to "General Physicians," and to his knowledge, he had never worked with this group.

12. Plaintiff wrote the word "Disputed" on Defendant's letter.

13. Plaintiff further wrote a question on the letter, which, on belief and recollection, was: "What the hell is this for?"

14. Plaintiff then mailed the letter back to Defendant.

15. Some time later, Plaintiff discussed the bill with Defendant over the phone.

16. Plaintiff indicated that he had worked with Great Lakes Cardiology, not "General Physicians," and indicated that he believed there had been a mistake.

17. Defendant, through its employee, acknowledged receipt of Plaintiff's written dispute.

18. Nevertheless, Defendant did not provide Plaintiff with verification of the alleged medical debt at this time.

19. On information, reference, and belief, on or about April 3, 2021, Defendant reported at least two tradelines to Equifax, one of the three major credit bureaus.

20. One of these tradelines was for $40, and the other was for $98.

21. Defendant knew at the time it reported these tradelines to Equifax that Plaintiff disputed them.

22. Nevertheless, on information, reference, and belief, Defendant did not indicate to Equifax that these two tradelines were disputed.

23. Rather, Defendant simply sent Equifax a massive spreadsheet of information related to "General Physicians" accounts, without taking the time to note in the data that Plaintiff was actively disputing the charges.

24. As a result of Defendant reporting the "General Physicians" accounts, Plaintiff's FICO score dropped from being over 800 to being approximately 667.

25. Shortly thereafter, Plaintiff called Defendant and spoke to an employee or manager commonly known as "Carl."

26. Plaintiff asked Carl why Defendant placed these tradelines on Plaintiff's credit report.

27. Carl responded that Defendant had a right under the law to report Plaintiff's accounts because "thirty days" had elapsed.

28. Carl's statement of the law was incomplete, inaccurate, and misleading.

29. Thereafter, on April 10, 2021, Defendant finally sent Plaintiff documentation in the mail in an attempt to verify Plaintiff's debt.

30. Plaintiff noted that, in the documentation sent to him, his signature appeared in electronic form. Plaintiff further recalled that he had signed an electronic signature pad when being admitted for medical work, but he had not actually been presented with the text of what he had signed.

31. Plaintiff spoke with Defendant on the phone again to convey this and to indicate that he continued to dispute the account.

32. Around this same time, Plaintiff filed complaints against Defendant with the Consumer Financial Protection Bureau ("CFPB"), Better Business Bureau ("BBB"), and New York Attorney General against Defendant.

33. Plaintiff requested, in his subsequent telephone conversations with Defendant's employees or managers, that Defendant fix his credit.

34. Defendant stated that it would consider fixing Plaintiff's credit if Plaintiff withdrew his CFPB and other complaints.

35. This was a fundamentally unfair collection tactic by Defendant.

## COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff realleges the paragraphs above as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

38. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

39. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

40. The subject debt is a "debt" as defined by § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, namely an alleged medical debt.

41. Defendant violated § 1692e(2)(A) and § 1692f(1) by misrepresenting to Plaintiff that the alleged debt is due and owing, when it is not, or by misrepresenting the amount of the debt, and then by attempting to collect this nonexistent debt or incorrect amount.

42. Defendant violated § 1692e(8) by communicating credit information to the major credit bureaus that it should know to be false, being in this case Defendant's failure to communicate that Plaintiff disputed the tradelines at issue.

43. Defendant violated § 1692e(10) by using false or deceptive means to collect a debt, in this case by representing to Plaintiff that Defendant had a right to continue its collection activities merely because a 30-day period had passed.

44. Defendant violated § 1692f generally by attempting to require Plaintiff to withdraw CFPB and other complaints as a prerequisite to correcting inaccurate information on Plaintiff's credit report.

45. Defendant violated § 1692f(8) by including a barcode on its mailed correspondence with Plaintiff, which barcode, on information and belief, contained information regarding Plaintiff's debt and was visible to individuals handling the envelope.

46. Defendant violated § 1692g(b) by failing to cease collection activities between the time when it received Plaintiff's first written dispute in the mail and the time that Defendant first attempted to provide verification of Plaintiff's debt.

47. Plaintiff has been harmed by the above violations because his credit has been unfairly damaged; he has had to spend time and energy attempting to fix his credit reports; his privacy has been invaded; he has been confused and misled as to the law and his rights; his rights have been abridged; and he has not received information to which he is entitled in a timely fashion.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

b.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

c.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

d.   Awarding Plaintiff nominal damages;

e.   Awarding Plaintiff the costs of this action; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  May 21, 2021

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
7544 Slate Ridge Blvd
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Plaintiff*